IN THE UNITED STATES COURT OF APPEALS
                         FOR THE FIFTH CIRCUIT

                          _____

                             No. 00-31021
                            Summary Calendar
                          _____


UNITED STATES OF AMERICA,

                                             Plaintiff-Appellee,

versus

ANTHONY BROWN,

                                             Defendant-Appellant.

                    --------------------
            Appeal from the United States District Court
                for the Eastern District of Louisiana
                       USDC No. 99-CR-135-1
                    --------------------
                         May 18, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

     Anthony Brown appeals his sentence following his guilty plea

conviction to count 3 of his indictment, possession with intent

to distribute one quarter ounce of cocaine base.  Brown argues

that the district court committed plain error by imposing an

illegal five year term of supervised release for his conviction

on count 3 because the pre-sentence investigation report stated

that subsequent analysis revealed that Brown possessed only 1.8

grams of cocaine base in relation to count 3.

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Brown did not object to the sentence in the district court. Therefore, the claim is reviewed under the plain error standard. See United States v. Cartwright, 6 F.3d 294, 300 (5th Cir. 1993). The error is clear.  However, the error does not seriously affect the fairness, integrity, or public reputation of judicial proceedings because a reduction of Brown's term of supervised release on count 3 would not affect the overall term of his supervised release, Brown fails to show any meaningful benefit that he would receive from a correction of the error, and correction of the error does not call any of Brown's convictions into question.  See United States v. Meshack, 225 F.3d 556, 577 (5th Cir. 2000), amended on reh'q, ___ F.3d ___, No. 99-50669, 2001 WL 224656, at *1 (5th Cir. Mar. 7, 2001), cert. denied, 121 S. Ct. 834 (2001).  Therefore, there was no plain error.  See United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Fletcher, 121 F.3d 187, 192 (5th Cir. 1997).  The judgment of the district court is affirmed.

AFFIRMED.